# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| THOMAS M. EDDY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:09CV647 CDP |
| JENNIFER SACHSE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon review, the Court finds that petitioner is not entitled to relief, and the Court will summarily dismiss the petition.

On December 11, 2006, petitioner pled guilty to stealing – third offense. The court sentenced petitioner to seven years' imprisonment. Petitioner had originally been charged with robbery and armed criminal action; the charges were amended pursuant to a plea agreement.

Petitioner filed a motion for post-conviction relief, which was denied on August 23, 2007. Eddy v. State, 2107CC-01795 (St. Louis County). The Missouri Court of Appeals affirmed on November 12, 2008. Eddy v. State, 269 S.W.3d 49 (Mo. Ct. App. 2008).

In the instant petition, petitioner raises a single ground for relief: that counsel was ineffective for failing to secure a four-year plea deal instead of the seven-year plea deal petitioner ended up with. Petitioner claims that the prosecutor originally offered petitioner a four-year plea deal, but that offer had an expiration date that petitioner was not aware of. Petitioner says that his counsel was aware of the time constraint associated with the deal but that he did not tell petitioner about it. Petitioner claims that when he showed up for court the only available offer was seven years.

"To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984).

Petitioner is not entitled to relief because he has not alleged that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Petitioner merely claims that his counsel did not secure the best possible plea

deal. This is insufficient to prevail on a claim for ineffective assistance of counsel where petitioner pled guilty.

Additionally, petitioner's claim is not cognizable in a federal habeas proceeding because petitioner does not have any constitutional right to a plea bargain. See Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997).

For these reasons, the Court will summarily dismiss the petition. See Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's second motion to proceed in forma pauperis [#4] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's incomplete motion to proceed in forma pauperis [#2] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of May, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE